UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY COLLINS,

    Petitioner,

    v.                                 Cause No. 3:23-CV-525-PPS-JPK

WARDEN,

    Respondent.

## OPINION AND ORDER

Timothy Collins, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding (SBW 22-09-004) in which he was found guilty of "[g]iving or offering a bribe or anything of value to a staff member" in violation of disciplinary rule B-233. [DE 5.] As a result of the guilty finding, he lost 30 days of earned credit time and received a credit class demotion. [DE 15-1.] After he filed the petition, the Indiana Department of Correction ("IDOC") appeal review officer vacated the guilty finding and granted him a new hearing. [DE 15-2.]

Based on the IDOC appeal review officer's action, the respondent moves to dismiss the petition as moot. [DE 15.] As the respondent points out, because the guilty finding has been vacated, there is no longer a live controversy for me to adjudicate. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prison disciplinary conviction can be challenged in a federal habeas petition only if it lengthened the duration of the petitioner's confinement). *See also Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588,

596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated.").

Mr. Collins filed a "Motion in Opposition" to the motion to dismiss. [DE 17.] He argues, in effect, that it is unfair for the respondent to deprive him of a ruling on his claims. He may be right, but the guilty finding he challenges has been vacated, and there is no longer any basis for me to decide whether his due process rights were violated in the disciplinary hearing that led to that finding. *Brown*, 442 F.3d 596. He also expresses concerns that his rights will be violated at the new hearing, because video evidence may not have been preserved or his witnesses may no longer be available. [DE 17; DE 18.] His concerns are understandable, but I have no authority to adjudicate a case that has become moot. *Brown*, 442 F.3d 596. If he is found guilty at the second hearing, he can file a new habeas petition challenging that finding.

For these reasons, the respondent's motion to dismiss [DE 15] is **GRANTED**. The petitioner's "Motion in Opposition" [DE 17] is **DENIED**, and the petition [DE 5] is **DISMISSED AS MOOT**.

**SO ORDERED** on December 12, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT